UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA,              :
                                       :     CASE NO. 1:09-CV-2929
         Plaintiff,                    :
                                       :
vs.                                    :     OPINION & ORDER
                                       :     [Resolving Doc. No. 10]
$335,260.00 IN U.S. CURRENCY,          :
                                       :
         Defendant.                    :
                                       :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant $335,260.00 in U.S. Currency, through Claimant Todd White, moves the Court to dismiss this civil forfeiture action and to return the property involved in this forfeiture action. [Doc. 10.] Plaintiff United States of America ("Government") opposes the motion. [Doc. 11.] The Defendant has replied. [Doc. 14.]

For the following reasons, this Court **DENIES** the Defendant's motion.

**I. Background**

On August 8, 2009, a Transportation Safety Administration ("TSA") officer called the Drug Enforcement Agency ("DEA") regarding a suspicious bag that Claimant Todd White had checked at Cleveland Hopkins Airport. [Doc. 1 at 2.] DEA agents initiated a consensual encounter with White, who indicated that he had packed the bag and that no explosives, drugs, weapons, or currency was the bag. [*Id.* at 2-3.] At the DEA agents' request, White consented to a search of his bag. [*Id.*

Case No. 1:09-CV-2929
Gwin, J.

at 3.] White left the bag in the DEA agents' custody and proceeded to board his flight to California. [*Id.*]

Upon searching the bag, the DEA agents found two computer bags containing vacuum-sealed bags filled with Defendant $335,260.00 in U.S. Currency. [*Id.*] A drug-sniffing dog then gave a positive alert to the presence of the odor of narcotics on the Defendant Currency. [*Id.*]

The DEA commenced administrative forfeiture proceedings against the Defendant Currency. [Doc. 1 at 2.] During the administrative proceedings, White submitted a claim to the currency. [*Id.*] The Government subsequently filed this civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6). The Defendant Currency is currently in the possession of the Government. [Doc. 2-1.]

On February 11, 2010, White, as Claimant of the Defendant Currency, filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for return of the property. [Doc. 10.] White argues that the allegations in the Complaint do not support a reasonable belief that the Government could demonstrate probable cause that the property is tainted. [Doc. 10-1.] The Government opposes the motion. [Doc. 11.] The Defendant has replied. [Doc. 14.]

**II. Legal Standard**

In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's legal conclusions as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

The Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") provide the pleading standard for a forfeiture action under 21 U.S.C. § 881. Rule G directs that a complaint for civil forfeiture must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its

Case No. 1:09-CV-2929
Gwin, J.

burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). Rule G(2), which the committee added in 2006, did not change the pleading standard for civil forfeiture cases, but rather "carries the forfeiture case law forward without change." Fed. R. Civ. P. Supp. R. G advisory committee's note.

The Sixth Circuit has interpreted the Supplemental Rules to impose a more stringent standard than the pleading requirements of Federal Rules of Civil Procedure Rule 8. *United States v. Real Property Located at 2323 Charms Road, Milford Tp., Oakland*, 946 F.2d 437, 440-41 (6th Cir. 1991). However, the Supplemental Rules do not require that the government demonstrate probable cause at the pleading stage, a burden that the government must instead carry at trial. *Id.* at 441.

### III. Analysis

The Defendant argues that the Court should dismiss the Government's Complaint because its allegations are insufficient to support the requirements of Rule G. Specifically, the Defendant argues that there are not sufficient facts in the Complaint to support a reasonable belief that the Government could demonstrate probable cause for finding the property tainted. [Doc. 10-1 at 3.] The Government argues that it does not need to establish probable cause in its Complaint, and that the Complaint alleges sufficient facts for the purposes of Supplemental Rules G(2)(f) and G(8)(b)(ii). [Doc. 11 at 1-2.]

The Court notes that the parties do not seem to actually dispute the required pleading standard. Both the Defendant and the Government recognize that 18 U.S.C. § 983 and Rules G(2)(f) and G(8)(b)(ii) govern this motion. 18 U.S.C. § 983 sets forth the general rules for civil forfeiture actions. 18 U.S.C. § 983(a)(3)(D) provides: "[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." Supplemental Rule G(8)(b)(ii) states that "[i]n an action governed by

-3-

Case No. 1:09-CV-2929
Gwin, J.

18 U.S.C. § 983(a)(3)(D) the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property. The sufficiency of the complaint is governed by Rule G(2)." As noted above, Rule G(2) requires that the Complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f).

The Sixth Circuit has directed that "the government's complaint need not demonstrate probable cause to forfeit the property. The complaint need only contain 'facts sufficient to support a reasonable belief that the government *could demonstrate* probable cause for finding the property tainted.'" *United States v. One 1974 Learjet 24D, Serial Number 24D-290, Mexican Registration XA-RMF*, 191 F.3d 668, 674 (6th Cir. 1999)(emphasis in original)(quoting *Real Property Located at 2323 Charms Road*, 946 F.2d at 441).

The Court finds that the Government's Complaint pleads sufficient allegations to satisfy the requirements of Supplemental Rules G(2)(f) and G(8)(a)(ii). The Complaint alleges that airport security alerted DEA officers that White's checked bag was suspicious; that White consented to a search of his bag; that White told the DEA officers that he packed the bag and that it did not contain currency; that the DEA agents found two pouches containing vacuum-sealed bags filled with $335,260 in U.S. Currency inside of White's bag; and that a trained canine then gave a positive alert for the presence of drugs on the currency. When viewed in the aggregate, the large quantity of currency White packed in his suitcase, his untruthful statement that his luggage did not contain currency, and the dog's alert to the presence of drugs "support a reasonable belief that the government *could demonstrate* probable cause for finding the property tainted.'" *One 1974 Learjet 24D,* 191 F.3d at 674; see *United States v. $16,000 in U.S. Currency*, 2009 WL 1048524, at *3 (N.D.

Case No. 1:09-CV-2929
Gwin, J.

Ohio April 1, 2009)(denying motion to dismiss forfeiture complaint where claimant's extensive drug-related criminal history, vehicle's smell of marijuana, alert to presence of narcotics on currency, nature of currency, and inconsistent statements would have been "sufficient to constitute a 'reasonable belief' and/or evidenced the higher standard of probable cause entitling the Government to summary judgment or to judgment at a forfeiture trial"); *United States v. $49,910 in U.S. Currency*, 1998 WL 476250, at *2 (6th Cir. Aug. 3, 1998)(large quantity of cash is strong evidence of some relationship with illegal drug trafficking); *United States v. $67,220 in U.S. Currency*, 957 F.2d 280, 285-87 (6th Cir. 1992)(reversing district court's grant of summary judgment in favor of claimant because government established probable cause to believe currency substantially connected to illegal drugs where claimant was carrying large sum of cash in airport, gave inconsistent statements about amount of currency he was carrying and its purpose, and had record of drug activity, and dog gave potentially positive reaction to presence of drugs).

The additional cases cited by the Defendant do not require a different result. *See United States v. $5,000 in U.S. Currency*, 40 F.3d 846, 848-50 (6th Cir. 1994)(reversing district court's grant of summary judgment because dog alert for presence of drugs, relatively small amount of currency, and other factors did not establish probable cause); *United States v. Mondragon*, 313 F.3d 862, 866-87 (4th Cir. 2002)(upholding district court's denial of motion to strike forfeiture complaint where police seized large amount of currency sealed in plastic bags and hidden in car's secret compartment and dog alerted to presence of drugs). While this Court makes no determination whether the Government's allegations may be insufficient to establish probable cause, that is not the Government's burden at this stage in the proceedings. The Court finds that the allegations in the Complaint are sufficient to meet the pleading requirements of Supplemental Rule G(2)(f) and that

Case No. 1:09-CV-2929
Gwin, J.

the Complaint should not be dismissed pursuant to Supplemental Rule G(8)(b)(ii).

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Defendant's motion. [Doc. 10.]

IT IS SO ORDERED.


Dated: April 6, 2010                    s/         *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE